# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| BRAD W. JOHNSON § <br> § <br> v. § <br> § <br> EQUIFAX INFORMATION SERVICES, § <br> LLC, DISCOVER FINANACIAL § <br> SERVICES § | Civil Action No. 4:16-CV-00551 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Brad Johnson's Motion to Dismiss Defendant Discover Financial Services' Counterclaim (Dkt. #12). After reviewing the relevant pleadings and motion, the Court finds the motion should be granted.

## BACKGROUND

On July 25, 2016, Brad Johnson ("Johnson") filed suit against Equifax Information Services, LLC and Discover Financial Services ("Discover") alleging a claim under the Fair Credit Reporting Act (the "Act") (Dkt. #1). On December 14, 2016, Discover filed its answer and counterclaim stating a counterclaim for attorneys' fees under 15 U.S.C. § 1681o (Dkt. #10 at p. 11). On January 4, 2017, Johnson filed this motion (Dkt. #12). On January 26, 2017, Discover filed its response (Dkt. #17).

## LEGAL STANDARD

Attorneys' fees are typically claims for costs, not damages, "unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A); *United Indus. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 765–66 (5th Cir. 1996). When attorneys' fees are part of an affirmative claim for relief as part of a cause of action, then they must be pleaded as special damages to be determined by the jury. *See Williams v. Cordillera Commc'ns, Inc.*,

No. 2:13–CV–124, 2014 WL 6674087, at *1–2 (S.D. Tex. Nov. 24, 2014). When the issue of attorney's fees is a "cost" that does not need to be determined by the jury, then it does not need to be specially pleaded so long as the opponent is put on notice of the claim. *Id.* at *2.

## ANALYSIS

The Fair Credit Reporting Act ("the Act") creates a cause of action for consumers against any person who negligently or intentional violates a requirement under the Act. 15 U.S.C. §§ 1681n, 1681o. A consumer is an individual. *Id.* § 1681a(c). Discover is not an individual and thus does not have a cause of action under the Act.

The Act further categorizes attorney's fees as a cost determined by the Court. *See id.* § 1681n ("In the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.") *Id.* §§ 1681n, 1681o.

Discover's right to attorneys' fees is a defensive matter for frivolous claims. It is an award for costs that is to be raised by motion. Discover does not have a cause of action for which to lodge a counterclaim and thus did not need to plead attorneys' fees as a counterclaim. Discover may properly seek attorney's fees by motion according to the sections entitling it to attorney's fees. Nevertheless, Discover's counterclaim for attorney's fees is improper.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Brad Johnson's Motion to Dismiss Defendant Discover's Counterclaim (Dkt. #12) is hereby **GRANTED**. Defendant Discover's counterclaim for attorney's fees under 15 U.S.C. § 1681o is **DISMISSED**. Discover is advised that it may file an appropriate motion for attorney's fees according to the 15 U.S.C. § 1681o if the requirements for such an award are met.

**SIGNED this 17th day of March, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE